UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
KERINE ANDERSON f/k/a KERINE GILES,     :
                                        :
                            Plaintiff   :
        -against-                       :   COMPLAINT
                                        :   AND JURY DEMAND
                                        :
                                        :   No. 20-cv-00590
YOUNG WELLS WILLIAMS, P.A., and         :
STEPHEN E. GARDNER,                     :
                                        :
                            Defendants, :
_____x

## Preliminary Statement

1.      This is an action for actual, statutory, and punitive damages, civil penalties, and injunctive relief brought by Plaintiff Kerine Anderson against Defendants Young Wells Williams, P.A. ("Young Wells") and Stephen E. Gardner for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; violations of New York General Business Law § 349, which prohibits deceptive acts and practices; and abuse of process.

## Jurisdiction and Venue

2.      Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

1

4. This court has jurisdiction over Young Wells because the conduct complained of occurred in this District.

5. This court has jurisdiction over Gardner, a Director of Young Wells, because the conduct complained of occurred in this District.

6. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Plaintiff resides in Queens, the Defendants transact business here, and the conduct complained of occurred in this District.

7. More particularly, Defendants unlawfully filed and served a Mississippi writ of garnishment on a Queens resident's employer in Nassau County based upon a questionable judgment entered in Mississippi.

8. Plaintiff served the Mississippi garnishment writ without domesticating the judgment in New York, without using a New York Sheriff or Marshal as is required by New York law, and without first making service upon the Queens resident as is required by New York law.

9. By unlawfully serving the Mississippi writ of garnishment on Plaintiff's Nassau County employer – Northwell Health – Defendants transacted business within the State of New York and subjecting themselves to the jurisdiction of the State of New York.

10. Moreover, this Court has subject matter jurisdiction under 15 U.S.C. § 1332 because Plaintiff is a citizen of New York, Defendants are citizens of Mississippi, and the matter in controversy exceeds the sum or value of $75,000.

11. Because Defendants unlawfully served their improper out-of-state writ of garnishment in this District on Plaintiff's Nassau County employer and Plaintiff resides in Queens County, venue is proper in this District.

12. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred in this District.

## Parties

13. Plaintiff Kerine Anderson is a natural person residing in Queens County and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant Young Wells is a corporation organized and existing under the laws of the State of Mississippi.

15. Young Wells does not have an office in the State of New York.

16. Young Wells is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

17. Young Wells has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

18. Young Wells regularly attempts to collect debts alleged to be due another.

19. Young Wells uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

20. The acts of Young Wells alleged hereinafter were performed by its officers, agents, and employees acting within the scope of their actual or apparent authority.

21. All references to "Young Wells" herein shall mean Young Wells or an employee, officer, or agent of Young Wells.

22. Defendant Stephen E. Gardner is an attorney licensed to practice law in the State of Mississippi.

23. Gardner does not have an office in New York and is not licensed to practice law in New York.

24. Gardner is a Director of Young Wells and a member of that firm's Commercial Litigation and Creditor's Rights Group.

25. Upon information and belief, Gardner has worked for Young Wells as an attorney since 1984.

26. Gardner is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

27. Gardner has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

28. Gardner regularly attempts to collect debts alleged to be due another.

29. Gardner uses instrumentalities of interstate commerce and the mails in pursuit of his business, the principal purpose of which is the collection of debts.

30. All references to "Gardner" herein shall mean Gardner or an employee or agent of Gardner.

## Factual Allegations

31. In or around March 2013, Plaintiff purchased a vehicle from a dealership in Mississippi.

32. The vehicle was purportedly financed through Tracir Financial Services I, Inc. f/k/a Central Mississippi Credit Corp. ("Tracir").

33. The vehicle had significant mechanical faults that required repairs. Those repairs deprived Plaintiff of the vehicle for about a month. Even after the repairs, the vehicle continued to stall and Plaintiff repeatedly had to rely on bystanders and police officers to move the car to safety.

34. About six months after purchasing the vehicle, Plaintiff returned the vehicle to the dealer because it was not roadworthy.

35. Unbeknownst to Plaintiff, on or about August 27, 2014, Tracir, through its attorney Gardner, filed a complaint against Plaintiff in the County Court of the Second Judicial District of Harrison County in Mississippi to recover unpaid debt related to that vehicle.

36. On or about December 2, 2014, Tracir obtained a default judgment against Plaintiff in Mississippi state court for failure to pay the alleged debt incurred by purchasing the faulty vehicle in Mississippi.

37. Plaintiff has no recollection of being served with a summons or complaint.

38. The alleged debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

39. As such, the alleged debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

40. In or around 2016, Plaintiff moved to Queens County in the State of New York where she still resides.

41. In or around March 2019, Plaintiff took a job with Northwell Health in Nassau County as a patient care associate. In that capacity, she assists nurses with caring for patients.

42. After starting work at Northwell Health, Plaintiff sought to improve her credit score and learned that it was affected by debt incurred for the purchase of the vehicle she had returned several years earlier.

43. Plaintiff called the car dealership which told her that her return of the car was a "voluntary repossession" that did not wipe out the value of the debt notwithstanding the fact that the car was not roadworthy.

44. The dealership further explained that Tracir, not it, owned the car and the debt and that it could not help her with the matter.

45. Shortly after this conversation with the dealership, on or about November 7, 2019, Gardner on behalf of Young Wells obtained a Mississippi Writ of Garnishment from Mississippi state court.

46. A copy of the Writ of Garnishment, with Plaintiff's social security number redacted, is attached as <u>Exhibit A</u>.[1]

47. The Writ of Garnishment asserted that Tracir had obtained a judgment against Plaintiff and that the current value of that judgment was $13,448.96 with a 28.5% post-judgment interest rate.

48. The writ further provided that starting 30 days from the date of service, "75% of [Plaintiff's] wages, salary or other compensation due or to become due is exempt by law from garnishment" but "[t]he remaining non-exempt disposable earnings shall be retained" by Plaintiff's employer and sent to Young Wells.

49. Gardner put down on the Writ of Garnishment that Northwell Health was a garnishee and listed the address of Northwell Health as "1111 MARCUS AVE. STE. LL20 LAKE SUCCESS NY 11042."

50. Gardner did not provide an address for Plaintiff.

51. Gardner and Young Wells knew or should have known that as an employee at Northwell Health in Nassau County, Plaintiff must live in or near the State of New York.

52. Because Plaintiff is a New York resident with a New York employer, Defendants knew or should have known that they had to comply with New York law

---

[1] The Writ of Garnishment and all other documents relating to the Mississippi state court proceeding identify Plaintiff as "Kerin Giles." Plaintiff's first name is misspelled. Plaintiff changed her last name to Anderson after she purchased the vehicle at issue.

7

and retain a New York lawyer to take whatever steps are necessary to domesticate the Mississippi judgment in New York.

53. Domesticating a default judgment in New York requires the commencement of an action on a judgment, so that the alleged judgment debtor is afforded an opportunity to challenge entry of a judgment in New York without having to travel to a distant forum to vacate the original judgment.

54. Only then could Defendants, through a New York lawyer, execute New York garnishment forms and give those New York forms, together with a domesticated New York judgment, to the Nassau County Sheriff to first make service on Plaintiff and only then, *after a 20-day waiting period*, make service on Plaintiff's employer.

55. This mandatory waiting period was established to allow consumers an opportunity to settle, to arrange a voluntary payment plan, or to take action in court, and thereby to allow the consumer to avoid the embarrassment and humiliation of having his or her employer served.

56. Requiring the involvement of a Sheriff also insures that consumers that matters are handled by a licensed and regulated New York official and that consumers are regularly provided with an accounting stating how much they have paid, how those payments have been applied, and how much the consumers have left to pay.

57. Moreover, because Gardner is not a licensed New York attorney or a Debt Collection Agency licensed by the NYC Department of Consumer Affairs and because Young Wells is not a Debt Collection Agency licensed by the NYC Department of Consumer Affairs, even though Plaintiff resides in Queens, she does not even have a local licensing body to complain to concerning Defendants' unlawful actions.

58. Sometime thereafter, Defendants sent the Mississippi Writ of Garnishment to Plaintiff's employer, Northwell Health.

59. Northwell Health does not have a hospital or any offices in Mississippi.

60. Northwell Health does not do business in Mississippi or have a presence in Mississippi sufficient to assert jurisdiction over Northwell Health in Mississippi.

61. Plaintiff can find no authorization or public filing authorizing Northwell Health to do business in Mississippi.

62. Plaintiff can find no offices or branches of Northwell Health in Mississippi.

63. Defendants' mailing of the Mississippi Writ of Garnishment constituted an unlawful communication with Plaintiff's New York employer and abuse of process, not to mention the unlawful practice of law in New York by Defendant Gardner.

64. Without the alleged judgment being domesticated in New York and issuing from a New York attorney, a New York courthouse, and a New York Sheriff,

9

Plaintiff has no way of challenging service of the summons and complaint that led to the judgment or of stopping or challenging the unlawful garnishment short of hiring a lawyer to file an action for injunctive relief – as she is doing here – or flying to Mississippi.

65. Plaintiff only learned of the Writ of Garnishment when her employer Northwell Health mailed her a copy of the writ along with a "Garnishment Notification Memo" on or about December 21, 2019, attached hereto as Exhibit B.

66. The Garnishment Notification Memo stated that Northwell Health was complying with a garnishment request from "Stephen E Gardner" and that it would deduct 25% from Plaintiff's payroll starting with the pay period ending on December 28, 2019.

67. On or about December 26, 2019, Plaintiff called Northwell Health's Human Resources department, which told her that there nothing Northwell Health could do in the face of a valid court order. Plaintiff tried to explain that the garnishment was invalid but the HR representative repeated that there was nothing she could do.

68. Because the Writ of Garnishment was from Mississippi and provided that only 75% of Plaintiff's income could be exempt from garnishment, Plaintiff's employer's payroll department advised that it would deduct 25% from Plaintiff's salary.

69. Under New York law, even if the judgment were properly domesticated and service of garnishment papers were properly made by a New York attorney

using a Sheriff or a Marshal, Defendants could only withhold a maximum of 10% of Plaintiff's gross income.

70. Moreover, New York law requires that any valid writ of garnishment provide the judgment-debtor and garnishee with information about the maximum amount that may be garnished – information that is missing from the Mississippi Writ of Garnishment.

71. This fear of having all or even 25% of her wages garnished caused Plaintiff to fear not being able to pay her rent and thereby losing her apartment and being rendered homeless.

72. This fear was realized when 25% was deducted from the pay she received starting on or about December 28, 2019. *See* Exhibit B.

73. With this unlawful deduction, Plaintiff does not earn enough to pay her rent.

74. The actions of Young Wells and Gardner set forth above demonstrate that no attorney conducted a meaningful attorney review before filing and/or sending the Writ of Garnishment attached as Exhibit A.

75. Upon information and belief, Gardner did not engage in the slightest meaningful review of the writ of garnishment before sending it to Northwell Health.

76. Otherwise, there is no possible explanation for how or why a lawyer, like Gardner, served a Mississippi Writ of Garnishment to enforce a Mississippi judgment on a consumer who is now employed by Northwell Health when that

attorney knows the employer is based in New York because that information is contained in the Writ of Garnishment itself.

77. Thus, it is apparent that Defendants use a mechanized computer-driven process to prepare and send Mississippi Writs of Garnishment, and most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined "fields" by a word-processor or other computer-driven document assembly software.

78. The Mississippi Writs of Garnishment are then created directly from this electronically stored information.

79. On information and belief, no attorney meaningfully reviews any particular Mississippi Writ of Garnishment before it is sent.

80. Rather, the only attorney involvement is to review the form of the Mississippi Writ of Garnishment and to define some general parameters as to the intended recipients.

81. Based upon the boilerplate representations made and the fill-in-the-blanks nature of <u>Exhibit A</u>, it is clear that no attorney had personally reviewed the particular circumstances of the alleged collection account before sending the Mississippi Writ of Garnishment.

82. Moreover, even the slightest meaningful attorney review would have revealed that it was directed at an out-of-state judgment debtor and an out-of-state judgment must be domesticated before it can be used to garnish the wages of an out-of-state judgment debtor.

83. Meaningful attorney review would also have caused an attorney to at least consult New York's strict garnishment requirements before attempting to wrangle a New York corporation with no ties to Mississippi into doing its bidding.

84. The Mississippi Writ of Garnishment attached as <u>Exhibit A</u> deceptively purports to be "from an attorney" when in fact the Mississippi Writ of Garnishment, which signed by Gardner as an attorney, is not from an attorney in any meaningful sense.

85. As a result of Defendants' acts Plaintiff lost wages. She also became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose more wages and her apartment, leaving her homeless.

## Count I

## Violations of the Fair Debt Collection Practices Act

86. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

87. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, as follows:

  i. Defendants violated 15 U.S.C. §1692c by unlawfully communicating with Plaintiff's employer both through the use of the Mississippi Writ of Garnishment and possibly by other means not yet known to Plaintiff;

  ii. Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), f, and f(1) by unlawfully attempting to collect on the Mississippi judgment without taking any of the required steps to domesticate the judgment, by not using a New York lawyer, by not using a New York Sheriff, by not having service made upon Plaintiff before making service on Plaintiff's employer, and by falsely representing to Plaintiff and to her employer that

13

      Defendants had the right to garnish anything using the unlawfully used and unlawfully served Mississippi Writ of Garnishment.

  iii. Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), e(13), f, and f(1), by using Mississippi Writ of Garnishment forms instead of using the forms mandated by the New York Courts and, instead, falsely representing and implying that the Mississippi forms were valid legal process in New York in order to garnish Plaintiff's wages without going through the time and expense of hiring a New York lawyer and domesticating the judgment and thereby hoodwinking Plaintiff and her employer into believing that the Mississippi Writ of Garnishment was valid to collect from a New York resident with a New York employer.

  iv. Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), e(13), f, and f(1), by stating in <u>Exhibit A</u> and to her employer that they would and could garnish Plaintiff's wages using the Mississippi Writ of Garnishment if she did not pay the alleged debt, and by demanding that Plaintiff's employer garnish Plaintiff's wages.

  v. Defendants violated 15 U.S.C. §§ 1692e, -e(3), and –e(10) of the FDCPA by signing, filing and serving computer-generated Mississippi Writs of Garnishment as an attorney, but without any attorney review, while falsely and deceptively holding himself out to Plaintiff as being and acting as a lawyer and being meaningfully involved in the collection of her account.

  vi. Defendants violated 15 U.S.C. §§ 1692e, e(3), e(5), e(10), f, and f(1) by attempting to collect and actually collecting 25% of Plaintiff's when, under New York law, even after domesticating the judgment in New York and taking all of the proper procedures before serving a garnishment on Plaintiff's employer, the maximum garnishment was only 10%.

  vii. Defendants violated 15 U.S.C. §1692e, e(5), e(10), and f, by attempting to collect and actually collecting on a debt on a resident of New York City despite not being a Debt Collection Agency licensed by the NYC Department of Consumer Affairs.

88. As a result of Defendants' acts, Plaintiff became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose her wages and her apartment, leaving her homeless.

89. As a result of Defendants' actions, Plaintiff has, without due process, had money taken from her that should not have been taken in amounts that should not have been taken.

## Count II

### Violations of New York General Business Law § 349

90. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

91. Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

92. Defendants prepared and used a Mississippi Writ of Garnishment to collect on a consumer who had moved to the State of New York and was employed in the State of New York all while failing to domesticate the judgment or comply with the garnishment laws of New York, or even being admitted to practice law in the State of New York.

93. It is unlikely that Defendants have not used these unlawful practices before.

94. In other words, Defendants do not care (a) where the consumer lives at the time of collection-enforcement, or (b) whether Defendants have an obligation to comply with local wage-garnishment laws, or (c) even whether the jurisdiction in which Defendants are trying to garnish wages requires service of such an important

15

document as a wage garnishment notice to be made by an official like a County Sheriff or a City Marshal.

95. Defendants' actions as set forth above violated GBL § 349 by falsely and deceptively using the Mississippi Writ of Garnishment and by stating to Plaintiff and her employer that the Mississippi Writ of Garnishment was a valid document in New York and had any legal effect in New York and that Defendants could do anything to garnish Plaintiff's wages without first hiring a local attorney to domesticate the Mississippi judgment and then going through all of the steps necessary to garnish wages in New York under New York law.

96. As a result of Defendants' acts, Plaintiff became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose her wages and her apartment, leaving her homeless.

97. By and through their acts, omissions, concealments, and misrepresentations, Defendants violated GBL §§ 349 with materially misleading and consumer-oriented deceptive acts and practices, with a broad impact on consumers at large, and have done so knowingly or willfully.

98. Plaintiff was and is suffering irreparable injury as a result of Defendants' decision to garnish her wages without domesticating the judgment and taking the necessary steps to garnish wages under New York law.

99. She cannot afford to hire a lawyer in Mississippi to vacate the underlying judgment, which she has no recollection of having been served with.

16

100. If Defendants are allowed to unlawfully garnish her wages in New York using the Mississippi Writ of Garnishment, she will not have enough funds with which to pay her rent or other necessary living expenses.

## Count III

### Abuse of Process

101. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

102. Defendants engaged in abuse of process by intentionally filing and serving a Mississippi Writ of Garnishment on Plaintiff's New York employer without domesticating the judgment or taking any of the steps necessary to effectuate wage-garnishment on a New York resident with a New York employer, for the purpose of garnishing wages while forcing consumers, like Plaintiff, to hire local counsel and travel far to the distant forum of Mississippi to stop the garnishment or to hire counsel to open local cases in New York Supreme Court to seek injunctive relief.

103. Defendants have perverted legal process by taking the actions described above of unlawfully filing these unfair, deceptive, unconscionable and unlawful garnishment actions in distant forums for the purpose of obtaining the collateral objective of unlawfully obtaining gaining an unfair and unlawful advantage by forcing consumers, like Anderson, to hire local counsel in Mississippi and travel far to unlawful distant forums to defend themselves against garnishment or hire local attorneys in New York to open cases in New York Supreme Court to try

17

to seek injunctive relief against the enforcement of judgments that haven't been domesticated and garnishment-documents that are being unlawfully used.

104. Plaintiff has been and is being damaged by Defendants' practices.

105. Defendants engaged in the practices complained of for the purpose of injuring and taking advantage of consumers.

106. Plaintiff was and is suffering irreparable injury as a result of Defendants' decision to garnish her wages without domesticating the judgment and taking the necessary steps to garnish wages under New York law.

107. She cannot afford to hire a lawyer in Mississippi to vacate the underlying judgment, which she has no recollection of having been served with.

108. If Defendants are allowed to unlawfully garnish her wages in New York using the Mississippi Writ of Garnishment, she will not have enough funds with which to pay her rent or other necessary living expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a Judgment:

A. Declaring that Defendants' conduct complained of herein violates Plaintiff's rights under the FDCPA and state law;

B. Enjoining Defendants from taking any collection actions against Plaintiff or instituting any wage-garnishment proceedings against Plaintiff without first domesticating the Mississippi judgment and complying with New York wage-garnishment laws;

C. Directing Defendants to pay Plaintiff actual damages in an amount to be determined by a jury;

D. Directing Defendants to pay Plaintiff nominal damages for violations of state law;

E. Directing Defendants to pay Plaintiff statutory damages as provided under the FDCPA, 15 U.S.C. § 1692k;

F. Directing Defendants to pay Plaintiff civil penalties as provided under New York General Business Law § 349;

G. Directing Defendants to pay Plaintiff punitive damages in an amount to be determined by a jury;

H. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: February 3, 2020

/s/ Brian L. Bromberg
Brian L. Bromberg
Joshua Tarrant-Windt
Bromberg Law Office, P.C.
*Attorneys for the Plaintiff*
26 Broadway, 27th Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com
